### ARCH JOHNSON v. THE STATE.

#### No. 858.   Decided December 7, 1910.

**Murder—Charge of Court—Defense of Another.**

Where, upon trial of murder, the defendant was convicted of manslaughter, and there was evidence that he acted in the defense of his brother, a failure of the court to charge upon this phase of the case was reversible error; and this although the court had generally referred in his charge to the right of defendant to defend his brother, but had omitted to do so when applying the law to the facts.

Appeal from the District Court of San Augustine.   Tried below before the Hon. W. B. Powell.

Appeal from a conviction of manslaughter; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, JUDGE.—Under an indictment for murder, the appellant was convicted of manslaughter and awarded a term of five years confinement in the penitentiary.

But one question is presented in this record, and that is, whether the court should have charged the jury on the right of the defendant to defend against an assault made upon his brother.   From the statement of facts it appears that the defendant, in company with the deceased, Willie Garrett, Leck Johnson, and several other parties, repaired to the bottoms to engage in the most fascinating and luring game of craps, and the fact that the game was craps and was placed in the bottoms will suggest that the crowd were negroes.   It seems that deceased went broke in the game and went to his home for additional supplies.   When the betting reached the point of seventy-five cents some of the parties engaged in the game passed out, because the limit was too high.   The deceased and Leck Johnson, brother of defendant, continued in the game.   Finally a squabble sprang up between the deceased and Leck Johnson about a quarter that fell on the ground

and in the squabble over this quarter the deceased snatched up a stick of wood. Some of the witnesses call it a "chunk," others describe it as a .heavy piece of wood, the witnesses varying as to the length, size and weight of this stick in the hands of deceased. Deceased struck Leck Johnson with it and from that there was a general fight, resulting in Willie Garrett being cut from which he died. Leck Johnson, a brother of defendant, testified that the deceased grabbed a quarter from him and he tried to make him give it up when the deceased—so the witness states—knocked witness down, and when Arch Johnson walked up he knocked Arch, the defendant, down and knocked him down twice and struck at the witness again at which time he was cut. · The defendant testified that the deceased jerked up a piece of wood and knocked Leck Johnson down and then knocked defendant down and as he was getting up he knocked him down again and· struck his brother, Leck Johnson, and when he did that he reached out and cut deceased with his knife.

The court charged the jury as follows: "Every person is permitted by law to defend himself or his brothers against·any unlawful attack reasonably threatening injury to his person and is justified in using all the necessary and reasonable force to defend himself or his brother, but no more than the circumstances reasonably indicate to be necessary, viewed from the defendant's standpoint. Homicide is justified by law, in defense of a brother or one's self against an unlawful and violent attack made in such manner as to produce, a reasonable expectation or fear of death or some serious bodily injury. Now, if you believe that at the time the defendant cut the deceased with the knife he was then making an attack on him with a stick, and it became and was necessary for the defendant to protect himself against said unlawful attack then being made upon him, if any, to cut the deceased, viewed from the defendant's standpoint, and for his own protection against said assault, if any, he did cut and kill deceased he would not be guilty and you will acquit him." This is all the law that was given by the court for their instruction and guidance on this point. Appellant filed a motion for new trial and complained of the action of the court in failing to charge affirmatively on the law of self-defense, as applying the right of one brother to protect the life of another brother from an assault that threatened death or serious bodily injury. While the court stated generally the right to defend his brother from a murderous attack, yet when he came to apply the law to the facts of the case he limited the right of the defendant to defend himself against an attack made upon him. This, to our minds, was too restrictive. The court should have also directed the jury that if there was an assault made upon the brother of defendant that threatened death or serious bodily injury, defendant would have the same right to defend as he would to defend himself. The abstract proposition made by the court was correct, and if it

had been followed up with the application of the law to the facts of the case no complaint could have been effectively made.

For the omission of the court to properly instruct the jury upon the right of self-defense growing out of an assault made upon the brother of defendant, this case will have to be reversed.

*Reversed and remanded.*